IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH N. PENNER                        Civ. No. 08-6107-HO
            Plaintiff,                  ORDER
    v.

MICHAEL J. ASTRUE,

Commissioner of Social Security,

            Defendant.


Pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), plaintiff seeks review of the October 26, 2007, Administrative Law Judge (ALJ)decision finding plaintiff was not disabled and denying his application for Supplemental Security Income Disability (SSI) benefits. This decision became the Commissioner's final decision on February 1, 2008 when plaintiff's request for review was denied.

## Discussion

Plaintiff contends that ALJ Madden erred in his findings. (#15). In the step two analysis plaintiff alleges that the ALJ improperly dismissed plaintiff's pulmonary impairment, his

combined other physical complaints, his mental limitations and improperly rejected the opinion of plaintiff's treating physicians, particularly Dr. Berger. (Tr. #15, pp.4-7). Plaintiff also asserts that the ALJ lacked clear and convincing reasons for rejecting his and his lay witness' testimony. (#15, pp. 13-16). Finally plaintiff argues that these errors resulted in the hypothetical posed to the Vocational Expert(VE) reflecting an inaccurate residual functioning capacity (RFC) and a therefore incorrect decision regarding plaintiff's ability to perform work. Id.

Defendant contends that the record contains substantial evidence upon which the ALJ and the Commissioner properly based their finding that the plaintiff is not disabled.

In step two the ALJ determined that plaintiff had the following severe impairment(s): ethanol abuse in short term remission; chronic obstructive pulmonary disease(COPD), mild; and bipolar disorder. (Tr.14). While plaintiff complains that the ALJ did not take his other diagnoses into account in his determination, plaintiff's main assignment of error here appears to be that the ALJ categorized plaintiff's COPD as "mild".

    A.    Plaintiff's COPD

The ALJ determination finding that plaintiff's COPD severity level was mild was based on well-documented evidence in the record. This evidence includes most notably, several physician reports that plaintiff's COPD included some shortness

of breath but was otherwise not symptomatic[1], test results including chest X-rays and oxygen saturation tests that were within normal limits[2]; as well as plaintiff's reports of significant exercise tolerance in his almost daily bicycling distances of at least three miles[3].

It is well established that if administrative findings are supported by substantial evidence in the record they are upheld, even if there could be more than one rational interpretation of that evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971), see also *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Substantial evidence means "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Howard v. Heckler*, 782 F.2d 1484, 1487 (quoting *Richardson* v. *Perales*, 402 U.S. at 401).

I find this record contains substantial evidence to support the ALJ's findings that while plaintiff's COPD was a severe impairment, it posed "no major functional impediments". (Tr.17).

B.   Other physical complaints:

Plaintiff asserts that the ALJ neglected appropriate consideration of his other medical complaints of osteoarthritis,

---

[1] See e.g., Tr. 147, 282-84, 335, 340, 345, 361, 372 and 437.

[2] Another was a pulmonary function test which showed plaintiff having a mild small airway obstruction with normal overall ventilatory function. (Tr.305).

[3] See e.g., Tr. 154, 166, 319.

transient ischemic attack, GERD, Hepatitis C, heel numbness and low back pain. (#15, p.7).

However, the ALJ did note that the "record contains reports of plaintiff depicting himself in good physical condition." (Tr.17). He also specifically noted plaintiff's medical records regarding plaintiff's low back pain in concluding after review of several years' medical history, that there was no medical evidence to support plaintiff having any resulting substantial physical limitations. *Id.*

Upon examination of the record it is additionally apparent that: plaintiff's heel numbness does not cause him pain nor affect his gait (Tr 361); there are several notes opining that his GERD is not symptomatic when treated with medication and is directly related to his alcohol consumption (Tr.416, 474); and the record does not anywhere reflect that plaintiff's hepatitis C is symptomatic. Again, after considering the record (particularly noting those pages cited in support of plaintiff's contentions), I find that the ALJ's conclusions about plaintiff's physical condition are supported by substantial evidence in the record.

    C.    <u>Mental Impairments</u>:

Plaintiff contends that the ALJ improperly rejected plaintiff's mental impairments of schizophrenia, schizoaffective disorder, personality disorder, neurolepcy and manic depression. (#15, p.7). He also objects to the ALJ finding ((Tr. 18), that

his treating VA psychiatrist Dr. Berger's opinion was of "no probative value" because Dr. Berger failed to support his conclusion(s) about plaintiff with any objective medical rationale or findings. (#15, p.8-10).

An ALJ is responsible for resolving conflicts in the medical record. *Benton v. Barnhard,* 331 F.3d 1030, 1040 (9th Cir. 2003). Thus an ALJ may reject a treating physician's medical opinion based on clear and convincing reasons which are supported by substantial evidence in the record. *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995); 20 C.F.R. §§404.1527(d), 416.927(d).

Contrary to plaintiff's assertions, the ALJ documented and cited his reasons for discounting Dr. Berger's conclusions regarding plaintiff's ability to work. (Tr.18-19). These reasons are included in the ALJ's complete review, comparison and summary of plaintiff's psychiatric treatment history with a variety of providers including Dr. Berger, beginning in 2004 through to the hearing date in 2007. *Id.* None of these records showed uncontrolled mental health impairments when plaintiff was sober and taking his psychotropic medications as prescribed. (Tr.18-21).

The ALJ also made a specific finding with regard to Dr. Berger noting that "telling a patient to stop performing work activities because it may impact his quest for disability benefits . . .[is] less than professional. Consequently [he] found Dr. Berger's opinion of no probative value." (Tr.18).

The specific and legitimate reasons enunciated by the ALJ support his findings with regard to Dr. Berger's testimony with substantial evidence in the record.

D.   Plaintiff's credibility:

The ALJ did not find plaintiff was malingering but discounted plaintiff's testimony regarding plaintiff's perception of his ability to work noting that his testimony was inconsistent with the record. (Tr. 20-21). In so discounting a plaintiff's testimony the ALJ must offer specific, clear and convincing reasons for so doing. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

Here the ALJ elucidated clear and convincing reasons such as: plaintiff's on-going reports of being in "very good shape physically" to his medical providers (Tr 183, 289); the 16-month gap in plaintiff's treatment record due to plaintiff's admitted relapse (Tr.20, 491); plaintiff's ability to begin and finish a demanding sobriety program as well as maintain his day-to-day functioning that included independent self-care, attending meetings, visiting his wife and shopping (Tr. 19-20, 329), all of which belie plaintiff's claimed limitations.

The record further shows that when plaintiff was once again sober in 2007, and taking his psychotropic medications he was able to work at the Mission. (Tr.491, 506). However he ceased working for the Mission because Dr. Berger reported that he could not work without it adversely affecting plaintiff's SSI hearing outcome.

*Id.*

The ALJ found Mrs. Penner's lay testimony regarding her husband credible but a typographical error omitted the word "not" in his finding that her testimony did not change his RFC assessment. (Tr.22). I find this error harmless - it is simply a scrivener's error and not substantive.

Despite finding that plaintiff was able to return to his former work as a janitor, the ALJ also posed a reduced capacity hypothetical to the vocational expert (VE) that reflected plaintiff's recorded abilities to perform a full range of light work (in a situation without respiratory irritants), and which could accommodate a person with plaintiff's mental limitations. (Tr.15, 533-36). In these ways the ALJ detailed the clear and convincing medical and non-medical evidence supporting his RFC assessment of plaintiff. I therefore find that the ALJ's decision (and subsequently that of the Commissioner), is supported by substantial evidence in the record.

## Conclusion

For the reasons stated above, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 27th day of October, 2009.

Michael R. Hogan
United States District Judge